## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>        Plaintiff,<br><br>        v.<br><br>HEALTHY VISION PROPERTY LLC *dba* HEALTHY VISION INSTITUTE and HEALTHY VISION; and DR. JAMES P. POWERS,<br><br>        Defendants. | Adv. Proc. No. 25-_____ (KBO) |

### COMPLAINT FOR (I) PAYMENT OF GOODS SOLD AND DELIVERED, (II) BREACH OF CONTRACT, (III) ACCOUNT STATED, AND (IV) UNJUST ENRICHMENT (IN THE ALTERNATIVE)

Plaintiff, George L. Miller, Chapter 7 Trustee for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), by and through his undersigned counsel, hereby files this *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, and (IV) Unjust Enrichment (In the Alternative)* (the "Complaint") against the above-captioned defendants ("Defendants") and alleges as follows:

---

[1]    The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2.    This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.    Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

5.    Plaintiff, George L. Miller, is the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estates ("Trustee").

6.    Defendant Healthy Vision Property LLC *dba* Healthy Vision Institute and Healthy Vision ("Healthy Vision") is a limited liability company formed under the laws of the State of Florida with its principal office address at 5413 US 19, New Port Richey, Florida 33704.

7.    Defendant Dr. James P. Powers ("Powers") is an individual and a vitreoretinal surgeon, and he is the manager-member of Healthy Vision.  Upon information and belief, defendant Powers is a resident of the State of Florida.

## BACKGROUND FACTS

8.    On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253; Akorn Intermediate Company LLC, Case No. 23-10254 and Akorn Operating Company, LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy

Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Chapter 7 Cases").  The Chapter 7 Cases are being jointly administered.

9.      On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Trustee to the bankruptcy estates of each of the Debtors.

10.      Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

11.      The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.

12.      The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois.  The Debtors' operations in the United States have all ceased.

13.      Prior to the Petition Date, Defendants agreed to purchase goods and products from the Debtors, which were distributed to various stores and pharmacies affiliated with Defendants.

14.      After the Debtors shipped and delivered the goods, Defendants failed to pay for the goods. A spreadsheet of Defendants' account with the Debtors, showing the invoices, and total amounts owed for goods sold between the Debtors and Defendants, is attached to the Complaint as **Exhibit A**.

***Defendants' Account with the Debtor for Sales of Goods***

15.      The Debtors agreed to sell products to Defendants in amounts that it deemed necessary to fill customer orders, and agreed to invoice Defendants on the date the products were shipped.

16.      Defendants agreed to pay the Debtors on the invoices on the due dates specified on the invoices.

17.     Pursuant to the terms of the customer purchase orders, and as itemized in Exhibit A, the Debtors supplied the products ordered by Defendants and invoiced Defendants for those products.

18.     Defendants have not paid the full amount owed for the goods sold.

19.     Upon information and belief, Defendants were paid in full by its customers for all products purchased from the Debtors.

20.     The total amount owed to the Debtors by Defendants is **$44,928.00**. The amount is for an unpaid invoice dated December 30, 2022 that was due on January 29, 2023, Invoice number 4231659, which was approximately 52 cartons of AK-Fluor 10% Injection 100mg/ml, 5ml, 12 vials, shipped to the Defendants' New Port Richey location.

21.     On or about July 5, 2023, Plaintiff sent a demand letter to Defendants, informing Defendants of the amounts owed and demanding payment.  Thereafter, a representative from the Defendants contacted Plaintiff requesting to negotiate. Plaintiff requested documentation to support any alleged defense, and Defendants failed to respond further or provide such documentation. On May 9, 2025, Plaintiff's counsel sent a final follow-up demand to Defendants, and as of the date of this Complaint, Defendants have failed to respond further.

22.     The total amount of $44,928.00 remains due and owing from Defendants.

## CLAIMS FOR RELIEF

### COUNT I
### (Goods Sold and Delivered)

23.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of the Complaint as though set forth fully herein.

24.     The Debtors sold the products ordered by Defendants and delivered them to Defendants pursuant to the terms of the parties' agreements and ordinary course of business.

25.     Defendants accepted the products delivered by the Debtors without objection.

26.     Upon delivery, Defendants became obligated to pay for those products at the agreed prices pursuant to the terms of the agreement by the due date on the invoices.

27.     The total amount owed, $44,928.00, remains unpaid.

28.     Defendants have failed to pay for the goods, despite Plaintiff's demand for payment.

29.     Plaintiff is entitled to a judgment in the amount of $44,928.00 for the price of the goods sold and delivered.

WHEREFORE, Plaintiff prays for judgment against Defendants for the value of the goods sold and delivered to Defendants, in the amount of $44,928.00, plus prejudgment interest, costs, any applicable attorney's fees, and for such other and further relief as the Court may deem just and proper.

## COUNT II
### (Breach of Contact)

30.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of the Complaint as though set forth fully herein.

31.     Prior to the Petition Date, the Debtors and Defendants entered into the agreement in which Defendants agreed to pay the Debtors for any goods sold and delivered to Defendants.

32.     The Agreements were valid and enforceable contracts the terms of which Defendants are obligated to perform.

33.     Debtors performed under the contract by delivering to Defendants the goods set forth on the invoices.

34.     Defendants have failed to pay Debtors an amount not less than $44,928.00 for the products ordered and delivered pursuant to the agreements, which constitutes a material breach of Defendants' obligations under the agreements.

35.    As a direct and proximate result of Defendants' breach, the Debtors incurred damages in an amount not less than $44,928.00.

36.    Plaintiff is entitled to a judgment against Defendants in an amount not less than $44,928.00.

WHEREFORE, Plaintiff prays for judgment against Defendants for all damages caused by Defendants' breach of the agreements in the amount of $44,928.00, plus prejudgment interest, costs, any applicable attorney's fees, and such other and further relief as the Court may deem just and proper.

## COUNT III
### (Account Stated)

37.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of the Complaint as though set forth fully herein.

38.    Defendants ordered products from the Debtors, and the Debtors invoiced Defendants for those products, creating a debtor-creditor relationship between Defendants and the Debtors.

39.    The Debtors sent invoices to Defendants setting forth the amounts due and owing for Defendants' purchase of goods from the Debtors.

40.    Defendants never objected to the invoices and, therefore, consented to the amounts owed.

41.    Plaintiff has demanded that Defendants pay for the goods that they purchased and received from the Debtors.

42.    Defendants have failed and refused to pay for the goods received from the Debtors.

43.    There is an account stated for the sale of goods due and owing to the Debtors in the amount of $44,928.00, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, Plaintiff prays for judgment against Defendants for account stated in the amount of $44,928.00, plus prejudgment interest, costs, any applicable attorney's fees, and for such other and further relief as the Court may deem just and proper.

### COUNT IV
### (In the Alternative – Unjust Enrichment)

44.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of the Complaint as though set forth fully herein.

45.     The Debtors provided and delivered the products ordered by Defendants under the reasonable expectation that Defendants would pay the full fair market value for the products.

46.     Defendants accepted the products, and has appreciated, retained and enjoyed valuable benefits from the products.  As such, Defendants should have reasonably expected to repay Plaintiff for the products in accordance with the terms of the agreements.

47.     Defendants have not paid or otherwise compensated the Debtors for the products.

48.     Under these circumstances, allowing Defendants to retain and enjoy the benefits of the delivered products without fully compensating the Debtors would result in an inequitable outcome and unjustly enrich Defendants.

49.     There is no adequate remedy provided by law; therefore, Defendants are liable to Plaintiff for the full fair market value of the delivered products, in the amount of $44,928.00, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, in the alternative to the relief requested in Counts I through III, Plaintiff prays for a determination and judgment that Plaintiff is entitled to recover the amount by which Defendants were unjustly enriched, in the amount of $44,928.00, plus prejudgment interest, costs, any applicable attorney's fees, and for such other and further relief as the Court may deem just and proper.

Dated:  June 23, 2025

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone:  (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

and

Carmen Contreras-Martinez
(admitted pro hac vice)
701 Brickell Avenue, 17th Floor
Miami, FL 33131
Telephone: (305) 428-4500
carmen.contreras-martinez@saul.com

and

Ryan F. Coy (admitted pro hac vice)
1888 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 255-6168
ryan.coy@saul.com

*Special Counsel to the Chapter 7 Trustee*